UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| COLT COLLIS, | Case No. 4:16-cv-00524-DCN |
|---|---|
| Plaintiff, | |
| v. | **MEMORANDUM DECISION AND ORDER** |
| TOMILINSON AND ASSOCIATES and its owners, and the owners of POPLAR GROVE APARTMENTS, | |
| Defendants. | |

**INTRODUCTION**

On December 6, 2016, the Clerk of the Court conditionally filed pro se Plaintiff Colt Collis's Complaint subject to later review by the Court. Dkt. 5. Because Collis requested to proceed in forma pauperis, the Court conducted an initial review of his Complaint under 28 U.S.C. § 1915(e)(2) to determine whether he was entitled to proceed on his claims. On May 16, 2017, Magistrate Judge Candy W. Dale issued an order concluding that Collis's claims appeared subject to dismissal for failure to state a claim. The Court, however, granted Collis leave to amend his Complaint, and provided instructions for him to correct the deficiencies identified. Dkt. 14.

Collis did elect to file an Amended Complaint (Dkt. 17), and as directed, filed an accompanying Motion to Review. Dkt. 16. Collis also filed two motions which sought to clarify, add to, or correct things in regards to his Amended Complaint. Dkts. 18, 20.

On September 13, 2017, Judge Dale issued an order indicating that she had undertaken a review of Collis's Amended Complaint and deficiencies still existed which warranted dismissal.

Dkt. 21. On October 13, 2017, Collis filed a document outlining issues he believed Judge Dale missed or decided incorrectly, and requesting leave to file a "Tort Notice."[1]

When the parties fail to consent to the jurisdiction of a United States Magistrate Judge, a United States District Judge must enter final orders under 28 U.S.C. § 636. The undersigned District Judge was reassigned this case for consideration.

## DISCUSSION

Courts review complaints filed in forma pauperis against governmental entities, officers, or employees of a governmental entity to determine whether summary dismissal is appropriate. 28 U.S.C. §§ 1915(e) and 1915A. Dismissal of the case is required at any time if the Court determines the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

Judge Dale was initially assigned this case and, accordingly, undertook an initial review of the claims. After completing two full reviews of Collis's claims, Judge Dale issued an Order reassigning the matter to this Court which also included findings regarding her review of Collis's Amended Complaint. Dkt. 21.

Collis assertions in his Complaint broadly fall into three categories: 1) claims regarding the Fair Housing Act; 2) claims for violations of the Americans with Disabilities Act and Rehabilitation Act; and 3) Idaho state tort claims. As Judge Dale correctly determined, all of

---

[1] Collis based this specific request upon Judge Dale's conclusion that Collis's tort claims could not go forward because he never filed a Notice of Tort Claim as required by the Idaho Tort Claims Act.

Collis's claims are subject to dismissal. In regards to the first two categories of claims, the defendants must be government actors. Here, there is no indication that either Poplar Grove, or the property management company for the apartment complex, Tomlinson & Associates, Inc., are public entities or receive federal financial assistance. In regards to the third category of claims—Idaho state tort claims— Collis never filed a Notice of Claim as required by law. It is well settled that the filing of a Notice of Claim is "a mandatory condition precedent to bringing suit, the failure of which is fatal to a claim, no matter how legitimate." *Banks v. Univ. of Idaho*, 798 P.2d 452, 453 (Idaho 1990) (quoting *McQuillen v. City of Ammon*, 747 P.2d 741, 744 (Idaho 1987)).

This Court has reviewed the entire record in this case, including the recently filed Motion addressing perceived deficiencies in Judge Dale's Order. This Court concurs with Judge Dale's conclusions as contained in her September 13 Order and finds that she did not err in any respect. As such, this Court adopts the findings and conclusions stated in Judge Dale's Order.

As to the new information Collis presented in his most recent Motion: first, nothing in Collis's Motion persuades the Court that Judge Dale erred in her analysis; second, the Court cannot change the requirements of the Idaho Tort Claims Act to allow Collis to file a Notice of Claim beyond the statutory timeframes. That request is, therefore, DENIED.

For the reasons stated in Judge Dale's Order, this Court finds Plaintiff has failed to state a claim for relief upon which relief can be granted.

**ORDER**

**IT IS ORDERED:**

1. Plaintiff's Motion to Review Amended Complaint (Dkt. 16) is **GRANTED**. The Court has reviewed Collis's Amended Complaint; however, Collis has not

remedied the previously identified deficiencies and his Amended Complaint is, therefore, subject to summary dismissal.

2. Plaintiff's Amended Motion to Review (Dkt. 18) and Motion and Requests for Clarifications (Dkt. 20) are **DISMISSED** as moot.

3. Plaintiff's Motion to Allow Tort Notice, Motion that Judge Nye Read this, things Judge Dale missed etc. (Dkt. 22) is **GRANTED in PART and DENIED in PART**. The Motion is granted to the extent that Judge Nye did read and review everything in this case. The Motion is denied and dismissed in all other respects.

4. This case is **DISMISSED WITH PREJUDICE**.

DATED: October 17, 2017

David C. Nye
U.S. District Court Judge